**FILED**

FEBRUARY 5, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NAJAMUL HASAN and N FAMILY INC, an Illinois Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> VILLAGE OF SCHAUMBURG, and THOMAS FARACE, TIMOTHY OSTERMAN, and J. CHRISTOPHER HUFF, individually and in their official capacities, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**08 C 774**

**JUDGE LEFKOW
MAGISTRATE JUDGE VALDEZ**

**JURY DEMANDED**

**COMPLAINT**

**NOW COME** Plaintiffs, NAJAMUL HASAN and N FAMILY INC., by and through their undersigned attorneys, Arthur R. Ehrlich and Jonathan C. Goldman of GOLDMAN AND EHRLICH, and complaining of the Defendants, individually and in their official capacities, state as follows:

**COUNT I
SECTION 1983 – DUE PROCESS**

1.      This is an action for violations of Plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. §1983 based on Defendants' discriminatory and retaliatory denial of Plaintiffs' requests for special use permits and other actions, which resulted in the taking of property rights and interference with their right to make use of their property. Defendants' actions violated Plaintiffs' substantive due process rights and rights to equal protection under the law pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §1343 and 42 U.S.C. §1983. Venue is proper in this District because all parties reside in Cook County, Illinois.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

2.      Plaintiff, NAJAMUL HASAN, is a resident of Hoffman Estates, Cook County, Illinois. Plaintiff, N FAMILY INC, is an Illinois corporation and resides in Cook County. N FAMILY INC is the owner of property commonly known as 825 Wise Road in Schaumburg. Plaintiff HASAN is the owner of N FAMILY INC. Plaintiffs will hereinafter be collectively referred to in the singular as Plaintiff.

3.      Defendant VILLAGE OF SCHAUMBURG ("VILLAGE"), is a municipal corporation incorporated under the laws of the State of Illinois. It is located in Cook County, Illinois.

4.      Defendant THOMAS FARACE is employed by Defendant VILLAGE as a Senior Planner in the VILLAGE's Zoning Department and his duties include reviewing applications for special use permits and signing off on zoning related forms. Defendant TIMOTHY OSTERMAN is employed by Defendant VILLAGE and his duties include issuing tickets for code violations of the VILLAGE's building and zoning rules. Defendant J. CHRISTOPHER HUFF is employed by the VILLAGE as Director of Community Development and is responsible for making recommendations to the Zoning Board of Appeals and supervises FARACE and OSTERMAN. Each of these individual defendants reside in the Northern District of Illinois and worked for Defendant VILLAGE at all times relevant to this complaint.

5.      Defendant VILLAGE maintains zoning classifications for property within the Village of Schaumburg. If an owner or prospective property owner wants to open a business within a specifically zoned area, that individual may apply for a special use permit to conduct the proposed business. The application is first reviewed by the VILLAGE's Community Development Department which then presents its recommendations to the VILLAGE's Zoning Board of Appeals. The recommendation of the Zoning Board of Appeals is then presented to the VILLAGE's Board of Trustees for a final decision on the owner's application for a special use permit.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

6.    Defendants have made unreasonable and arbitrary actions and decisions from 2004 through 2007, which collectively interfered with Plaintiff's ability to use the Wise Road property. Defendants repeatedly and improperly recommended against approval and denied special use permits for selling used cars and rental of trucks from 2004 through 2007, and engaged in continued harassment of Plaintiff because of his religion (Muslim) and national origin (Middle Eastern). Defendants have further harassed Plaintiff and interfered with his use of his property based on discrimination in retaliation for complaints Plaintiff made about being discriminated against and harassed and subjected to unreasonable and arbitrary decisions. The continued arbitrary, discriminatory and retaliatory actions taken against Plaintiff forced Plaintiff to close his business in November of 2007, thereby denying him the use and enjoyment of his property.

7.    In or about December of 2003, soon after Saddam Hussein was captured in Iraq, a VILLAGE employee came to Plaintiff's other business location in Schaumburg and asked if he was "Hussein". When Plaintiff corrected the employee stating that his name was "Hasan", the employee demanded to see Plaintiff's business license. This was the first time that anyone from the VILLAGE ever asked to see his business license.

8.    Plaintiff submitted his application for a special use permit in May of 2004 to to lease and rent motor vehicles, and to buy and sell motor vehicles on a wholesale basis and occasional retail basis at the property located on 825 West Wise Road in Schaumburg. Plaintiff wanted to first obtain approval for a special use permit before finalizing his purchase of this property.

9.    When Plaintiff applied for a special use permit in May of 2004, he included a letter advising the VILLAGE and Zoning Board that he also wanted to use the Wise Road property for wholesale buying and selling of cars that would be leased and rented to his customers, and to occasionally sell a leased car to a customer at the expiration of the lease if that individual so desired. The letter also explained that he would be applying for a dealer's license from the State

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

3

of Illinois to engage in the sale of cars but that his primary business would be selling and leasing.
A copy of this letter is attached hereto as exhibit "A". FARACE told Plaintiff that since the buying
and selling would be ancillary to his leasing and rental business, he did not need express
authorization for this in the special use permit.

10.    In or about June of 2004, after Plaintiff submitted the special use application,
FARACE told Plaintiff that he must agree to an "interconnect" to the adjacent property which
would allow vehicular traffic to drive across Plaintiff's property in order to gain access to the
adjacent property. When Plaintiff objected to this, FARACE falsely claimed that VILLAGE rules
required this access and he would not obtain a special use permit if he did not agree to the
interconnect.

11.    In June of 2004, the VILLAGE's Zoning Board approved Plaintiff's request for a
special use permit to rent and lease cars and rejected FARACE's recommendation that Plaintiff
should allow for an interconnect through his property to the adjacent property.

12.    On July 20, 2004, OSTERMAN came to Plaintiff's other business location and gave
Plaintiff a ticket for for an alleged code violation at 825 Wise Road. Since Plaintiff had not yet
purchased this property, he asked why he was being given this code violation. OSTERMAN
claimed that Plaintiff's name was on the liquor license for the restaurant that had been on the 825
Wise property. Plaintiff explained that this was not correct and that as a Muslim, he would never
have his name on a liquor license. OSTERMAN and the Village refused Plaintiff's request to
provide a copy of the alleged liquor license which Defendants falsely claimed has his name on it.
Plaintiff complained to HUFF about this incident but no action was taken.

13.    After Plaintiff purchased the Wise property on July 21, 2004, and obtained the
special use permit from the VILLAGE, he applied for a building permit. When there was a delay
in getting the building permit, he made repeated calls to FARACE about the status of the building

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

4

permit. FARACE falsely told Plaintiff he did not know why there was a delay and said he had no knowledge of who may be holding up approval.

14.     In August of 2004, Plaintiff discovered that FARACE had been holding the permit on his desk and delaying approval of the permit. When Plaintiff discovered this, FARACE told Plaintiff that the building permit would not be approved and that he must reapply for his special use permit that was already approved before he could obtain a building permit. Plaintiff finally received the building permit only after he complained to the VILLAGE Manager.

15.     In September of 2004 the VILLAGE and FARACE signed a zoning certificate form to allow Plaintiff to obtain a dealer's license from the Secretary of State. As Plaintiff had noted in the letter submitted with the application for a special use permit, the dealer's license was needed to sell and buy motor vehicles at the property. Plaintiff advised FARACE that he needed the VILLAGE to sign the zoning certificate to obtain the dealer license to buy and sell cars so the Secretary of State could verify that this would be in compliance with the VILLAGE's zoning laws for the Wise property. The application for a dealer's license reviewed by FARACE before signing the zoning certificate specifically noted that Plaintiff would be selling used cars.

16.     On February 8, 2005, the VILLAGE approved Plaintiff's proposed sign for the Wise property. The sign had the name of Plaintiff's rental and leasing business and the words "Used Car Dealer". The VILLAGE proposed various revisions to the wording on this sign before approving the sign and the words "Used Car Dealer" in February of 2005. A copy of this approval is attached hereto as exhibit "B".

17.     In March of 2005, Plaintiff was told that the landscaping on his property did not comply with a recommendation from the VILLAGE's planning department. The VILLAGE claimed while Plaintiff planted the proper trees, some trees were three (3) feet shorter than desired

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

and some trees were too narrow. Plaintiff was directed to pull up these trees at his own cost and replant new trees that were three (3) feet higher and a little wider. When the Zoning Board approved his special use permit, it did not specify the height or width of these specific trees. Plaintiff's complaints to HUFF about FARACE on this matter were ignored.

18.    From December of 2005 through January of 2006, and on many dates thereafter, OSTERMAN drove onto Plaintiff's property right in front of Plaintiff's office, sat in his car for several minutes staring at Plaintiff or Plaintiff's employees, and blocked some of Plaintiff's customers from exiting or entering the property. When Plaintiff asked OSTERMAN to move his vehicle since it was blocking customers, he refused until Plaintiff took out a camera. Plaintiff's complaints to Defendants about this were ignored.

19.    In January of 2006, Plaintiff was told he must remove the sign that the VILLAGE previously approved. The VILLAGE now claimed that Plaintiff was not allowed to sell cars at this location. This was the first time Plaintiff was told he could not sell cars at this location.

20.    In June of 2006, HUFF recommended against approval and the VILLAGE denied Plaintiff's application for a special use permit to sell cars though FARACE, on behalf of the VILLAGE, had previously signed the zoning certificate form that allowed Plaintiff to obtain a dealer's license to sell cars and although Defendants approved his sign that referred to "Used Car Dealer".

21.    Defendants approved other businesses to sell cars in the same zoned area as Plaintiff. None of the other owners of businesses that sold cars were Muslim or Middle Eastern.

22.    After Defendants refused to allow Plaintiff to sell cars at Wise Road, Plaintiff tried to rent trucks at this property. In or about December 2006, OSTERMAN told Plaintiff he could

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

not lease trucks from his property unless he obtained a specific special use permit. Plaintiff applied for a special use permit to lease trucks in December of 2006.

23.    In of about February of 2007, Defendants denied Plaintiff's request for a special use permit to lease trucks. During the application process, Plaintiff offered to make whatever changes were needed to his property, and agreed to limit the number and type of trucks that would be parked on his property at any one time. The VILLAGE's Board of Trustees refused to allow Plaintiff to lease any trucks on his property though a business in the same zoning area and near Plaintiff was allowed to lease trucks. This other business owner was neither Muslim nor Middle Eastern.

24.    Plaintiff closed his business in November of 2007 as a result of Defendants' continued and repeated discriminatory and arbitrary decisions to deny him a special use permit to sell cars and to lease trucks. Plaintiff continued to use the building to do necessary paperwork but did not conduct any business at the property. After Plaintiff gave Defendants notice that he was closing his business, several VILLAGE employees made stops at Plaintiff's property, stared at Plaintiff when he was inside his building, and sent notices to Plaintiff demanding that he remove all possessions from the building though he owned the property.

25.    Plaintiff has since been unable to lease or sell the Wise Road Property because the VILLAGE has refused to approve any proposed businesses that prospective lessees or buyers wanted to conduct on this property.

26.    Defendants' actions and decisions were all conducted under color of state law. Defendants' actions and decisions collectively acted to deny Plaintiff the use of his property without due process of law. Defendants' decisions were unreasonable, arbitrary and capricious and based on discrimination against Plaintiff's religion and national origin, and in retaliation for

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

making complaints about VILLAGE employees such as the Defendants OSTERMAN, HUFF, and FARACE. Defendants' actions violated Plaintiff's due process rights under 42 U.S.C. §1983.

27.     Defendants' actions deprived Plaintiff the use and enjoyment of his property and caused him to lose substantial money since his business became unprofitable without the ability to sell and buy cars on a wholesale basis or to lease trucks. Plaintiff also lost money that was invested in the building and development of his business on Wise Road. Defendants' actions also caused Plaintiff to suffer emotional distress.

28.     The individual Defendants FARACE, HUFF, and OSTERMAN, knew that their actions violated 42 U.S.C. §1983 because they were based on discrimination, in retaliation for complaints Plaintiff made against them, and were intended to deprive Plaintiff of the use of his property. These actions of the individual Defendants were performed knowingly, intentionally, and maliciously. Plaintiff is entitled to an award of punitive damages against the individual Defendants because they knew or should have known that their actions violated the law.

29.     Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of the Plaintiff and against Defendants, individually and in their official capacity, and that the following relief be awarded:

A.     Compensatory damages in a sum in excess of Five Million Dollars ($5,000,000.00);

B.     Punitive damages in a sum in excess of Three Hundred Thousand Dollars ($300,000.00) against the individual Defendants in their individual capacities;

C.     Attorney's fees and the costs of this suit pursuant to 42 U.S.C. §1988; and

D.     Such other relief as this Court deems just.

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

## COUNT II
## SECTION 1983 – EQUAL PROTECTION

1. - 26.    Plaintiff, realleges ¶¶ 1 through 26 of Count I as ¶¶ 1 through 26 of this Count II.

27.    Defendant VILLAGE's decision to deny Plaintiff's request for a special use permit to sell cars in or about June of 2006 and its denial to lease trucks in or about February 2007 was arbitrary, unreasonable, capricious, and discriminatory.

28.    There are at least 5 other businesses that were allowed to sell used cars which were located in the same zoning area as was Plaintiff. Defendant claimed that three of these businesses were allowed to continue selling cars because they predominantly sold cars wholesale. Plaintiff's business would primarily be to lease and rent cars and the buying and selling that he would do would have been limited, and primarily wholesale.

29.    Plaintiff also asked to sell used cars on a very limited retail basis when the individual who leased one of his cars asked to purchase the vehicle. Plaintiff's request was denied though two other businesses which did not have a special use permit were allowed to continue selling vehicles on a retail basis.

30.    Defendant has allowed other businesses to lease trucks, including at least one business close to Plaintiff's property and which was subject to the same zoning.

31.    Defendant VILLAGE's approval of special use permits and enforcement of zoning laws to allow some businesses to sell used cars and lease trucks while denying Plaintiff the same rights violated Plaintiff's rights to equal protection of the law under 42 U.S.C. § 1983. Defendant VILLAGE's rationale for denying Plaintiff's requests while allowing other businesses to conduct this business was arbitrary, unreasonable, and based on discriminatory reasons due to Plaintiff's

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS 60603
(312)332-6733

ARDC # 06187364

religion and national origin.  Defendants actions and decisions were all conducted under color of state law.

32.    Defendants' actions and decisions effectively denied Plaintiff the use and enjoyment of his property and caused him to lose substantial money since his business became unprofitable without the ability to sell and buy cars or to lease trucks.  Plaintiff also lost money that was invested in the building and development of his business on Wise Road.  Defendants' actions also caused Plaintiff to suffer emotional distress.

33.    Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff requests judgment in favor of Plaintiff and against Defendant VILLAGE, and that the following relief be awarded:

A.    Compensatory damages in a sum in excess of Five Million Dollars ($5,000,000.00);

B.    Attorney's fees and the costs of this suit pursuant to 42 U.S.C. §1988; and

C.    Such other relief as this Court deems just.

/s/ Arthur R. Ehrlich
Arthur R. Ehrlich of GOLDMAN & EHRLICH, as attorney for Plaintiffs NAJAMUL HASAN and N FAMILY INC

LAW OFFICES
**GOLDMAN & EHRLICH**
19 SOUTH LA SALLE STREET
SUITE 1500
CHICAGO, ILLINOIS  60603
(312)332-6733

ARDC # 06187364